CHOICE FOUNDATION                    *        NO. 2022-C-0411

VERSUS                               *        COURT OF APPEAL

LAW INDUSTRIES, LLC                  *        FOURTH CIRCUIT

                                     *        STATE OF LOUISIANA

                                     *

                                     *
                          * * * * * * *

*TFL*

**LOVE, C. J., CONCURS IN THE RESULT**

I find the facts in the present matter distinguishable from the result reached in this Court's earlier opinion in *Choice Foundation v. Law Industries*, *LLC,* 21-0431 (La. App. 4 Cir. 3/22/22), 336 So.3d 501, *writ denied*, 22-000538 (La. 5/24/22), 338 So.3d 1190 ("*Choice Foundation I*"). In *Choice Foundation I*, Tuna sought coverage against StarStone in its capacity as an additional insured under StarStone's policy with Keeler, the subcontractor. As such, the fault allegations against Tuna were all asbestos related insofar as the claims against Keeler, StarStone's primary insured, emanated from Keeler's hire to perform only asbestos-related work.

In contrast, in the case *sub judice*, Tuna seeks coverage against Travelers, its direct insurer, in its capacity as the general contractor. As the general contractor, Tuna maintains that it did not perform any asbestos-related work; that its contractual duties for Plaintiffs, especially in the Phase I portion of the contract, went beyond any asbestos-related work; that the alleged asbestos contamination for which Plaintiffs seek relief occurred in 2018, subsequent to the completion of work performed by Tuna; and that Plaintiffs' petition against Tuna, in fact, seeks recovery based on general negligence claims, in addition to asbestos claims.

Based on the foregoing, genuine issues of fact and law exist that preclude Travelers' motion for summary judgment as to whether its policy affords coverage to defend Tuna against Plaintiffs' alleged negligence claims. *See Lewis v. B-3 Prop.*, 2020-0175 (La. App. 4 Cir. 8/7/20), --- So.3d---, 2020 WL 4561818 *5; *see also Arabella Bus Barn, L.L.C., v. Whole Foods Market, Inc.*, 2005-0693, p. 10 (La. App. 4 Cir. 3/22/06), 928 So.2d 675, 680 (where the appellate court reversed the trial court, finding that a motion for summary judgment is inappropriate where fact issues remained concerning the parties' intent in entering a contract). Accordingly, I concur in the result reached.